UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MICHAEL FIORITO,

          Plaintiff,

v.

UNITED STATES,

          Defendant.

Case No. 22-CV-2879 (PJS/LIB)

ORDER

Michael Fiorito, *pro se*.

Kristen Elise Rau, United States Attorney's Office, for defendant United States.

Plaintiff Michael Fiorito is an extraordinarily litigious federal prisoner. In this action, Fiorito seeks to hold the federal government liable for the alleged misconduct of federal prison officials through the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), a federal statute that provides federal courts—and *only* federal courts—with jurisdiction over civil actions against the United States based on the negligent or wrongful acts of its employees where a private individual "would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

Even though the FTCA provides jurisdiction only to *federal* courts, Fiorito filed this lawsuit in *state* court.[1] The state court unquestionably lacked jurisdiction. A litigant may seek relief from the federal government only insofar as the United States has waived its sovereign immunity from suit. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). That waiver must be express and unequivocal, and any waiver must be strictly construed in favor of the sovereign. *See Lane v. Peña*, 518 U.S. 187, 192 (1996). The FTCA acts as a waiver of sovereign immunity, but to invoke the FTCA, a litigant must seek relief in federal court. No other waiver of sovereign immunity even arguably applies to this lawsuit.[2] Fiorito had absolutely zero chance of procuring relief in state court from the federal government.

---

[1] This is the seventh lawsuit filed by Fiorito in state court against federal officials or the federal government and subsequently removed to this District in the past seven months. *See Fiorito v. Drummy*, No. 22-CV-0923 (PJS/TNL); *Fiorito v. Lilo*, No. 22-CV-0924 (PJS/TNL); *Fiorito v. Lilo*, No. 22-CV-0925; *Fiorito v. Kensy*, No. 22-CV-0927 (PJS/TNL); *Fiorito v. Southwick*, No. 22-CV-2128 (PJS/TNL); and *Fiorito v. United States*, No. 22-CV-2597 (PJS/TNL).

[2] For example, Fiorito seeks relief from the United States under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., but that statute does not waive the sovereign immunity of the United States. *See Jackson v. Federal Bureau of Prisons*, No. 06-1347 (MJD/RLE), 2007 WL 843839, at *19 n.16 (D. Minn. Mar. 16, 2007) (collecting cases). The Rehabilitation Act of 1973, 29 U.S.C. § 791 et seq., does waive the sovereign immunity of the federal government in certain respects (such as regarding claims of discrimination in employment decisions), but not with respect to claims for monetary damages arising out of alleged discrimination "under any program or activity conducted by any Executive agency." 29 U.S.C. § 794(a); *Lane*, 518 U.S. at 193-97. Moreover, to the extent that Fiorito seeks non-monetary relief pursuant to § 794(a), that claim would fail on its own terms, as Fiorito does not allege that the actions of the BOP were motivated "solely by reason of . . . his disability," § 794(a), but in retaliation "for filing valid grievances

In any event, the United States removed this action from state to federal court pursuant to 28 U.S.C. § 1441 and § 1442(a). Again, the FTCA waives the sovereign immunity of the United States with respect to some kinds of claims when those claims are litigated in federal court. Thus, by removing this action to federal court, the government did Fiorito a favor by relocating him to the proper forum. Moreover, that Fiorito filed this action in state court does not necessarily preclude this Court from exercising jurisdiction over Fiorito's claims following removal; this Court's jurisdiction is not derivative of the jurisdiction of the state court, at least with claims arguably dependent upon the FTCA. See Glorvigen v. Cirrus Design Corp., No. 06-CV-2661 (PAM/RLE), 2006 WL 3043222, at *2-3 (D. Minn. Oct. 24, 2006) (citing North Dakota v. Fredericks, 940 F.2d 333 (8th Cir. 1991)).

But the fact that the FTCA waives the federal government's sovereign immunity with respect to *some* kinds of claims does not necessarily mean that the FTCA waives the federal government's sovereign immunity with respect to *Fiorito's* specific claims,

---

against" BOP officials," Compl. ¶ 13 [ECF No. 1-1]. Indeed, never does Fiorito allege—even in a conclusory fashion—that BOP officials thwarted his requests for home confinement because he was disabled. Cf. Shapiro v. McManus, 577 U.S. 39, 45-46 (2015) (wholly insubstantial and frivolous claims are insufficient to establish federal jurisdiction). The Administrative Procedure Act ("APA") includes a limited waiver of sovereign immunity, see 5 U.S.C. § 702, but that waiver excludes claims for monetary damages, see Batsche v. Burwell, 210 F. Supp. 3d 1130, 1133 (D. Minn. 2016), aff'd sub nom. Batsche v. Price, 875 F.3d 1176 (8th Cir. 2017) (per curiam); and decisions regarding where prisoners should be placed expressly fall outside the scope of the APA, see 18 U.S.C. § 3625. The Little Tucker Act, 28 U.S.C. § 1346(a)(2), is plainly inapplicable, as Fiorito seeks too much in monetary damages. And so on.

even with those claims having been relocated to federal court. Fiorito alleges that prison officials wrongfully denied his application to be transferred to home confinement based on information regarding his criminal history that those officials knew was false. Fiorito also alleges, albeit in a very conclusory fashion, that the denial of his application to be transferred to home confinement constitutes unlawful discrimination on the basis of one or more disabilities that he claims to suffer (it is unclear what the one has to do with the other). None of these claims, at least as pleaded by Fiorito, fall within the FTCA's waiver of sovereign immunity.

First, the FTCA does not waive sovereign immunity with respect to anything except claims arising under state law. *See Meyer*, 510 U.S. at 477-78. Put another way, Fiorito cannot shoehorn claims arising under the federal constitution or other federal laws into the FTCA's waiver of sovereign immunity. And as explained above, only the FTCA even arguably supplies the necessary waiver of sovereign immunity that would allow Fiorito to go forward with his claims. This action lives and dies under the FTCA, and the FTCA extends only to state-law claims.

Second, 28 U.S.C. § 2680(h) excludes from the FTCA's waiver of sovereign immunity all claims of "libel, slander, misrepresentation, [and] deceit." Section 2680(h) cuts out the heart of Fiorito's complaint, which alleges (in essence) that prison officials lied about his criminal history in order to prevent him from being released to home confinement. Indeed, Fiorito even refers to his claims as being for "slander, liable [sic],

4

and other such torts for publishing false, negative information [known] to be false."

Compl. at 3 [ECF No. 1-1]. But this is precisely what § 2680(h) precludes litigants from claiming against the federal government or federal officials.

Third, under § 1346(b)(2),

> [n]o person convicted of a felony who is incarcerated while awaiting sentencing or while serving a sentence may bring a civil action against the United States or an agency, officer, or employee of the Government, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . . .

Fiorito is a "person convicted of a felony who is incarcerated . . . while serving a sentence." Nowhere in his complaint does Fiorito allege that the actions of prison officials described in the complaint caused him any actual physical injury; he complains that he is not being transferred to home confinement.[3]

Accordingly, the FTCA does not supply the necessary waiver of sovereign immunity, and this matter will be dismissed without prejudice on that basis.[4] *See, e.g.*,

---

[3] Fiorito does allege that his continued detention places him in danger of contracting COVID-19. He does not allege, however, that he has actually suffered a physical injury (such as contracting COVID-19 following the decision not to release him on home confinement) as required to fit within the immunity waiver of § 1346(b)(2).

[4] Generally, "[i]f the federal court determines that no federal jurisdiction exists, it must remand the case back to state court." *First National Bank of Salem v. Wright*, 775 F.2d 245, 246 (8th Cir. 1985). But the FTCA precludes the state court from exercising jurisdiction over this lawsuit as well, and § 1442(a) entitles the federal government to have that jurisdictional question answered in federal court rather than state court.

*Roth v. United States*, 476 F. App'x 95, 95 (8th Cir. 2012) (per curiam) (noting that sovereign immunity is jurisdictional in nature).  Finally, a warning for Fiorito:

Had Fiorito filed this lawsuit in federal court rather than state court, he would have been responsible for the $350.00 statutory filing fee.  *See* 28 U.S.C. § 1915(b).  By filing in state court and waiting for removal to federal court, Fiorito likely sought to avoid the imposition of that filing fee—and, perhaps, to avoid the imposition of a "strike" under 28 U.S.C. § 1915(g) for having filed a frivolous lawsuit.  It is conceivable (although unlikely) that Fiorito did not know before filing this lawsuit that the FTCA does not apply in state court.  Now he does.  Going forward, Fiorito can have no good-faith basis for believing that he can procure relief under the FTCA in state court, and any attempt to do so that later arrives in this District for further disposition via the removal statutes may appropriately be deemed frivolous—with all the potential consequences that follow from that designation.  *See* Fed. R. Civ. P. 11(b); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988).

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED that this matter is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 18, 2022                         s/Patrick J. Schiltz_____
                                                 Patrick J. Schiltz, Chief Judge
                                                 United States District Court