UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

MICHAEL FIORITO,                                      Case No. 22-CV-2879 (PJS/LIB)

      Plaintiff,

v.                                                                          ORDER

UNITED STATES,

      Defendant.

---

This matter is before the Court on plaintiff Michael Fiorito's Fed. R. Civ. P. 59(e) motion to alter or amend the judgment.[1]  The motion is denied.

In reviewing Fiorito's complaint, the Court was not violating the party-principle rule, nor did it err in not giving Fiorito a chance to respond; instead, the Court was fulfilling the obligations imposed on it by 28 U.S.C. § 1915A.[2]  Likewise, Fiorito's claim that the Court should give him leave to amend is meritless, as Fiorito has failed to identify a single cognizable claim over which this Court would have jurisdiction.

---

[1] Fiorito has also filed a "motion seeking leave of court to file objections to this court[']s orders."  ECF No. 17.  As this motion repeats arguments that Fiorito makes in his Rule 59(e) motion, the Court treats it as part of the Rule 59(e) motion.

[2] The Court notes that Fiorito complains about issues that played no part in the Court's dismissal of this case, such as administrative exhaustion and qualified immunity.  *See* ECF No. 14 ¶¶ 3–4, 24.

-1-

Fiorito's argument that he can bring a claim under the Federal Tort Claims Act ("FTCA") in state court is both irrelevant (as this case was removed to federal court) and incorrect.[3]  *See* 28 U.S.C. § 1346(b)(1) (granting district courts "exclusive jurisdiction" over claims for money damages against the United States); *Lewis v. Windsor Door Co.*, 926 F.2d 729, 730 n.2 (8th Cir. 1991) ("suits against the federal government under the FTCA must be filed in federal court").

Fiorito's contention that he could state a claim for abuse of process runs headlong into 28 U.S.C. § 1346(b)(2), which precludes incarcerated felons from bringing FTCA claims for mental or emotional injury suffered while in custody absent a showing of physical injury or commission of a sexual act.  Even if § 1346(b)(2) did not apply, Fiorito has not alleged that defendants abused any sort of process.  *See Nygard v. City of Orono*, 39 F.4th 514, 520 (8th Cir.) ("'Process' is defined as 'the proceedings in any action or prosecution; a summons or writ, especially to appear or respond in court.'" (cleaned up)), *cert. denied*, 143 S. Ct. 448 (2022).

Fiorito is also incorrect in arguing that declaratory relief is available under the FTCA.  *See* 28 U.S.C. § 1346(b)(1) (granting jurisdiction over "claims against the United

---

[3]Fiorito complains of the Court's warning that, should he file additional FTCA claims in state court that are later removed to this Court, the Court may deem such a lawsuit frivolous.  This was simply a warning, however, and provides no basis for relief under Rule 59(e).

States, for *money damages*" (emphasis added)); *Est. of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 863 (10th Cir. 2005) ("the district court lacks subject matter jurisdiction under the FTCA to provide injunctive and declaratory relief").

Fiorito's argument that "defendants" were not acting within the scope of their employment is nonsensical, as the United States is the only named defendant.

Finally, Fiorito's argument that the undersigned should recuse because of alleged errors in its dismissal order (errors that, as just explained, do not actually exist) or because of the undersigned's knowledge of and experience with Fiorito's litigation tactics is without merit. *Liteky v. United States*, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"); *id.* ("opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible").

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT plaintiff's motions [ECF Nos. 14, 17] are DENIED.

Dated: August 4, 2023

_____
Patrick J. Schiltz, Chief Judge
United States District Court